

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| WILLIAM C. DOBBING, JR., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 0:15-04030-MGL |
| § | | |
| CAROLYN W. COLVIN, § | | |
| Acting Commissioner of Social Security, § | | |
| Defendant. § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for DIB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2016, Plaintiff filed his objections on September 30, 2016, and Defendant filed her reply on October 17, 2016. The Court has carefully reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB in August 2012, asserting his disability commenced on April 1, 2011. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 14, 2014. Then, on March 11, 2014, the ALJ issued a decision holding Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying his claim.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court

need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).  Thus, the Court will address each specific objection to the Report in turn.  As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove he is disabled under the Act.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Under the substantial evidence standard, however, the Court must view the entire record as a whole.  *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).  Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted).  The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises three objections to the Magistrate Judge's Report. In Plaintiff's first objection, he complains the ALJ erred in concluding that the opinion of Dr. Joseph T. Hickey, Plaintiff's treating physician, was unentitled to controlling weight. The Court is unpersuaded.

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654. An ALJ, however, "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, see 20 C.F.R. § 404.1527(d) (1998). Courts are not always required to give a treating physician's testimony "controlling weight." *Hunter*, 993 F.2d at 35.

According to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. Conversely, however, it follows "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

4

Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

"An ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). However, the ALJ "must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Accordingly, "'[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

In contrast to the ALJ in *Monroe*, the ALJ here built an accurate and logical bridge from the evidence to his conclusion that Dr. Hickey's opinion was unentitled to controlling weight. Moreover, in Plaintiff's objections, he essentially makes the same arguments on this issue he made to the Magistrate Judge, who went into much detail explaining her reasons for rejecting them. This Court holds Plaintiff's contentions to be without merit on the same bases the Magistrate Judge suggested them to be. Thus, discerning no legal error, and holding the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's first objection.

5

Second, Plaintiff takes issue with the ALJ's evaluation of his mental impairments at Step Two of the sequential evaluation. Plaintiff insists the Magistrate Judge erred by failing to consider the opinion of the state agency psychiatrists, who indicated Plaintiff had mild difficulties maintaining social functioning and difficulties in maintaining concentration, persistence, or pace. Plaintiff also argues the Magistrate Judge neglected to respond to Plaintiff's assertion as to the significance of the ALJ's omission of the evidence regarding his inability to concentrate or focus. The Court disagrees.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden at this step to show he has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original) (internal quotation marks omitted). Crucially, the mere presence or diagnosis of a mental condition is insufficient to

meet Plaintiff's burden at Step Two; rather, he must show how it significantly limits his mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c); *Bowen*, 482 U.S. at 146 n.5.

In objecting to the Magistrate Judge's suggestion that Plaintiff failed to meet his burden to show how his mental impairments significantly limit his ability to do basic work activities, Plaintiff reiterates the same grounds the Magistrate Judge has already considered and rejected. Consequently, being of the firm opinion the ALJ committed no legal error, and holding the ALJ's decision on this issue is supported by substantial evidence, the Court will also overrule Plaintiff's second objection.

Third, Plaintiff objects to the Magistrate Judge's recommendation that the ALJ made a proper credibility analysis as to Plaintiff. The Court is unable to agree.

Here, Plaintiff does nothing more than generally reargue what the Magistrate Judge has already considered and rejected. The Court comes to the same conclusion the Magistrate Judge and the ALJ did:

> Upon review of the records as a whole and the parties' briefs, the court finds that [Plaintiff] has failed to demonstrate the ALJ's determination that [Plaintiff] was not entirely credible is unsupported or controlled by an error of law. . . . Further, even if the court were to agree with [Plaintiff] on his challenges, the court finds that [Plaintiff] has failed to demonstrate that the ALJ's credibility analysis as a whole is unsupported by substantial evidence or controlled by an error of law as [Plaintiff's] daily activities and work history would be but two issues among several reasons that the ALJ offered in concluding that [Plaintiff's] allegations lacked credibility.

Report 12. The ALJ details those reasons earlier in his decision:

> At the hearing, [Plaintiff] testified he was able to drive 3-4 miles. He stated he was unable to work due to arthritis in his neck and chronic dry eye. He testified that he only took Aleve for his pain. [Plaintiff] testified that he could sit 30-40 minutes and did not stand too long. He stated that he walked one half mile a day if he was able and had no pain using his hands. He testified that he lived with a roommate and was able to take care of his grooming and dressing as well as help with household duties. [Plaintiff] testified that he had no significant pain associated

with his heart and that he did not have any limitations of activities of daily living. He stated he had symptoms of depression and took a sleeping pill at night. He testified that he had never been treated by a psychologist. The claimant testified that his dry eye condition limited his ability to use the computer and drive. He stated he had problems with balance that occurred 10 minutes after standing. He testified that he could wash dishes, vacuum, and did his own laundry. In a function report received October 2012, [Plaintiff] reported that he took care of a cat, cooked, shopped, managed his own finances, and met with friends for lunch or dinner.

Tr. 17. Further, the ALJ determined:

In sum, the above residual functional capacity assessment is supported by the medical evidence relating to [Plaintiff's] degenerative disc disease and status post pacemaker implant. The limitation for occasional climbing ladders/scaffolds, frequent climbing stairs, balancing, stooping, kneeling, crouching, crawling, occasional overhead reaching, and no exposure to work hazards is consistent with and supported by the opinion of the State agency consultants and the medical evidence of record as a whole. These limitations are further supported by [Plaintiff's] reported daily activities, as he is able to take care of his personal hygiene, walk a half mile, perform household chores, drive, shop, and take care of a cat. Given the evidence regarding [Plaintiff's] pain, I conclude that [Plaintiff] would be precluded from the ambulation and exertion required in work above the light level of exertion. In light of the aforementioned inconsistencies, particularly the relatively conservative treatment of [Plaintiff's] symptoms, as well as [Plaintiff's] level of daily activity, I cannot find [Plaintiff's] allegation that he is incapable of all work activity to be credible. Accordingly, I find that [Plaintiff] retains the capacity to perform work activities with the limitations set forth above.

*Id.* at 19 (citation omitted).

The Court holds Plaintiff's objection to the ALJ's finding merely constitutes disagreement with the ALJ's conclusion, and the Court "generally treat[s] credibility determinations made by an ALJ as binding upon review." *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988); *see also Craig*, 76 F.3d at 589 (stating the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]").

The ALJ is well within his bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record. *See Mickles v. Shalala*, 29 F.3d 918,

921 (4th Cir. 1994) (noting the "only fair manner to weigh a subjective complaint is to examine how pain affects the routine of life"). The ALJ's responsibility is to "make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the Court holds substantial evidence in the record supports the ALJ's credibility assessment and reasoning. Therefore, the Court will overrule this objection as well.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 26th day of October, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
